### HORSEY'S EXECUTORS v. MOOR.[1]

Supreme Court. Sussex. October, 1796.

*Bayard's Notebook, 158.**

---

[1] In the account of this case in *Wilson's Red Book*, the name is spelled "Moore."

* This case is also reported in *Wilson's Red Book, 147*.

Defendant pleaded performance.

Upon the trial the counsel for the defendant offered in evidence a bond of the same date and in the same words as the one on which the suit was brought, in order to show that in fact no lands had been purchased as implied by the expression in the condition "had purchased."

Upon the objection of the counsel for the plaintiff, it was ruled by the Court that the evidence was inadmissible upon the plea of performance.

In the course of the trial the plaintiff's counsel offered in evidence the day book of the testator, for the purpose of showing a payment to defendant toward the purchase of a tract of land actually bought but conveyed solely to defendant.

Upon objection of the defendant's counsel and after argument—

PER CURIAM. It is the opinion of the Court that the book is not admissible evidence for the purpose for which it is offered. The case is clearly within the words of the Act of Assembly [1 Body Laws 347] which requires that the evidence relative to any interest claimed in land should be under the hand of the party. The design of the evidence is to prove that the testator advanced one half of the purchase money of a tract of land conveyed to the defendant, and, because the defendant has not conveyed a moiety, he has broken the condition of the bond. If the plaintiff were allowed to give such evidence in fact he would entitle himself to a moiety of the land, because, if he were to prove that he paid half of the purchase money, the defendant would be a trustee for a moiety. A contract relative to lands must be proved in all parts by the written evidence directed by the Act. A party

cannot be allowed to show any right or interest in land but by the written evidence prescribed by the Act.

Book rejected.

*Ridgely* and *Bayard* for plaintiff. *Miller* and *Wilson* for defendant.